UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE A. WORMMEESTER,

    Plaintiff,

v.                                                    Case No. 1:09-cv-202
                                                   Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

       Plaintiff was born on May 4, 1961 (AR 50).[1] He has a college degree in mechanical engineering (AR 324).[2] He alleged a disability onset date of March 20, 2004 (AR 50). Plaintiff had previous employment at a furniture manufacturer as an assembly line worker and journeyman millwright (AR 65). Plaintiff identified his disabling conditions as a bad back (AR 57). On August 3, 2007, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a

---

      [1] Citations to the administrative record will be referenced as (AR "page #").

     [2] When asked to identify his college degree, plaintiff testified "[m]echanical engineer, a millright, journeyman millwright" (AR 324).

decision denying benefits (AR 12-20).[3]  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful

---

[3] The decision is not dated or signed.  However, the "notice of decision" is dated August 3, 2007 (AR 9).

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since March 20, 2004, and that he meets the insured status requirements of the Social Security Act through December 31, 2008 (AR 15). At step two, the ALJ found that plaintiff suffered from severe impairments of a back disorder and a chronic pain syndrome (AR 15). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 15).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> to perform light work (i.e. lift and carry up to 20 pounds occasionally and 10 pounds frequently; stand and/or walk at least two hours in a normal 8-hour workday), although subject to <u>postural</u> limitations against more than occasional kneeling, stooping, crouching, crawling, and climbing; and an <u>environmental</u> limitation precluding concentrated exposure to hazards.

(AR 15) (emphasis in original). The ALJ also found that plaintiff was unable to perform his past relevant work (AR 19).

At the fifth step, the ALJ determined that plaintiff could perform other work:

> Specifically, in response to a series of questions involving a hypothetical individual with claimant's work experience, education, and age, the vocational expert testified that if the person had the residual functional capacity determined by reviewing DDS physicians for claimant, the person could not do past work but could do sedentary assembly jobs numbering in Michigan 26,100 positions involving, for example, locks, atomizers and fishing reels, even if needing to change positions every 30 minutes. The vocational [expert] also testified that even using claimant's testimony as an accurate depiction of the hypothetical person's capabilities and limitations, the individual could still do assembly work . . .
>
> Section 202.00 of Tale No. 1 a Appendix 2 of Subpart P at 20 CFR 404 indicates that the functional capacity to perform a full range of **light work** includes

the functional capacity to perform sedentary work as well and that approximately 1,600 separate sedentary and light unskilled occupations can be identified in eight broad occupational categories, each occupation representing numerous jobs in the national economy that can be performed after a short demonstration or within 30 days, and that do not require special skills of experience.

(AR 20) (emphasis in original) (citations omitted). Accordingly, the ALJ determined that plaintiff was not under a disability at any time from March 20, 2004 through the date of the decision (AR 20).

**III. ANALYSIS**

Plaintiff has raised four issues on appeal.

**A. The ALJ's decision did not consider the treating physician's opinion that plaintiff met a listed impairment.**

A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Evans v. Secretary of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir.1987). In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id.* An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d). A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Secretary of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir.1987); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir.1984). *See, e.g., Thacker v. Social Security Administration*, 93 Fed.Appx. 725, 728 (6th Cir 2004) ("[w]hen a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency"). If a claimant successfully carries this burden, the

Commissioner will find the claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R. § 404.1520(d).

Plaintiff contends that he meets the requirement of Listing 1.04, based upon the May 2, 2007 sworn statement of a physician, Fred N. Davis, M.D. Plaintiff's Brief at 4. It appears that plaintiff relies upon Listing 1.04A, which refers to the following conditions:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.04A. As part of the sworn statement, defendant's counsel read the requirements of Listing 1.04A to Dr. Davis (AR 101-04, 113-14). After considering the requirements of Listing 1.04A, Dr. Davis stated, "Yes, he had that" (AR 114).

The ALJ did not specifically refer to Listing 1.04A, but simply stated that plaintiff "does not manifest clinical signs and findings that meet the specific criteria of any of the Listings" (AR 15). While the ALJ discussed Dr. Davis' sworn statement, he did not address the doctor's testimony that plaintiff met the requirements of Listing 1.04A (AR 17-18). Defendant provides no explanation for the ALJ's failure to address this issue, other than to refer to the sworn statement as taken under "curious circumstances," that "it is not clear that Dr. Davis understood or was even aware of the requirements of Listing 1.04A," and to state that the doctor's opinion of whether a claimant's condition meets or equals the requirements of a listed impairment is not entitled to any

6

special significance because the issue is reserved to the Commissioner. Defendant's Brief at 11-12. Defendant's arguments are not persuasive.

The doctor testified that plaintiff had certain conditions as listed in 1.04A (AR 113-14). This testimony by plaintiff's treating physician merited consideration by the ALJ. Whether a claimant meets the requirements of a Listing is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e).[4] However, the ALJ cannot ignore the testimony of a treating physician that plaintiff had the medical criteria necessary to meet the requirements of a Listing. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004) (the ALJ must articulate good reasons for not crediting the opinion of a treating source). Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a re-evaluation of whether plaintiff met the requirements of Listing 1.04A.

### B. The ALJ erred in discounting the only opinions from an examining physician.

Plaintiff contends that the ALJ failed to address certain opinions expressed by a primary care physician, Thomas W. Brink, M.D. Dr. Brink saw plaintiff three times for annual physical examinations. (AR 211). Among other diagnoses, Dr. Brink noted "chronic pain, or the

---

[4] The regulations provide in pertinent part as follows:

We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to this subpart, your residual functional capacity (see §§ 404.1545 and 404.1546), or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.

20 C.F.R. § 404.1527(e)(2).

so-called failed back syndrome" (AR 211). Plaintiff contends that the ALJ failed to address "Dr. Brink's opinion regarding Mr. Wormmeester's limitations in neck positioning and limitations in the amount of time he can sustain work activity." Plaintiff's Brief at 6. However, plaintiff fails to identify where any such limitations are found in the record. Contrary to plaintiff's argument, Dr. Brink testified that he has not issued any work restrictions (AR 212). This claim of error by plaintiff should be denied.

**C.    The ALJ erred in failing to assess plaintiff's credibility as required under Social Security Regulations and Policy.**

Plaintiff contends that while the ALJ referred to evaluating plaintiff's credibility under SSR 96-7p (AR 18), he did not address the factors as required by that Social Security Ruling. SSR 96-7p is a policy interpretation ruling, the purpose of which is to clarify the evaluation of symptoms under 20 C.F.R. § 404.1529, when this requires a finding about the credibility of an individual's statements about pain or other symptoms.

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (an ALJ's credibility determinations are accorded deference and not lightly discarded).

The seven factors to be considered in determining a claimant's credibility include: the claimant's daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; treatment, other than medication,

received for relief of pain or other symptoms; any measures used to relieve pain or other symptoms; and other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(i-vii).

The record reflects that the ALJ reviewed the factors listed in § 404.1529(c) (AR 16-19). The ALJ traced plaintiff's medical history, treatment, and daily activities (AR 16-19). The ALJ gave the following examples to demonstrate that plaintiff's testimony regarding disabling pain and other symptoms was not credible:

> For example, he testified that he cannot carry even a gallon of milk; yet he also testified that he goes to the store. Furthermore, he indicated he was doing well after two therapy sessions [AR 242-50] and that he is able to do at least limited hunting and fishing [AR 279-95]. He also returned to very heavy work even after his back surgery and he has not tried lesser demanding work.

(AR 18).[5]

Plaintiff has not presented a compelling reason to disturb the ALJ's credibility determination. Accordingly, plaintiff is not entitled to relief on this issue.

> **D.    The ALJ failed to pose to the vocational expert in his hypothetical whether adequate jobs existed when plaintiff could not walk effectively.**

Plaintiff's final alleged error is somewhat confusing. While plaintiff characterizes this alleged error as involving a defective hypothetical question, he does not address any inadequacy in the hypothetical question. Rather, plaintiff's argument addresses the ALJ's RFC determination:

> Further the ALJ's assessment of Dr. Davis' RFC does not include, or even address, the limitations regarding plaintiff's inability to walk effectively as concluded on the RFC.

---

[5] On January 19, 2005, plaintiff reported to Dr. Davis, that "[h]e was able to successfully deer hunt and goose hunt" (AR 291).

9

Plaintiff's Brief at 9. Plaintiff contends that the ALJ erred by failing to address this limitation and, as a result, the ALJ's decision is not supported by substantial evidence. *Id.*

In completing a "Medical provider's assessment of patient's ability to do physical work-related activities" form, Dr. Davis indicated that plaintiff could not walk effectively, but did not require a medical assistive device for ambulation (AR 305). Specifically, in response to the question, "Capable of walking effectively?" the doctor answered "no;" and, in response to the question, "Is medical assistive device required for ambulation (e.g., cane)" the doctor also answered "no" (AR 305). The doctor also indicated that in an eight-hour day plaintiff could sit for five hours, stand for two hours and walk for one hour (AR 305). Plaintiff does not explain the significance of Dr. Davis' opinion that he was unable to "walk effectively," when the doctor also stated that plaintiff could walk for one hour during an eight-hour day and did not need a cane or other assistive device. The ALJ's RFC determination that plaintiff could "stand and/or walk at least two hours in a normal 8-hour workday" (AR 15) is consistent with the opinions expressed by Dr. Davis. Accordingly, plaintiff's claim of error should be denied.

## IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for re-evaluation of whether plaintiff met the requirements of Listing 1.04A.


Dated: January 13, 2010         /s/ Hugh W. Brenneman, Jr.
                                HUGH W. BRENNEMAN, JR.
                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).